(C.D. 3189)

New York Merchandise Co., Inc. *v.* United States

United States Customs Court, First Division

(Decided November 8, 1967)

*Stein and Shostak* for the plaintiff.

*Edwin L. Weisl, Jr.,* Assistant Attorney General, for the defendant.

Before Watson and Beckworth, Judges

Beckworth, Judge: The merchandise involved in this case consists of luggage imported from Japan and entered at the port of Honolulu on June 16, 1964. It was assessed with duty at 40 per centum ad valorem under item 706.24 of the Tariff Schedules of the United States, and is claimed to be dutiable at 20 per centum ad valorem under item 706.60 of said tariff schedules.

This case has been submitted on a stipulation of counsel for the respective parties reading as follows:

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the respective parties hereto, subject to the approval of the Court, as follows:

1. That the merchandise represented by the items marked "D" and initialed S. F. by Susumu Fujii on the invoices accompanying the entry covered by the protest enumerated in Schedule A annexed hereto and made a part hereof, assessed with duty at 40% ad valorem under Item 706.24 of the Tariff Schedules of the United States, and claimed properly dutiable at only 20% ad valorem under Item 706.60 of said Tariff Schedules, consists of luggage which was imported before September 1, 1964, and which is in chief value of fabrics coated or filled or laminated with rubber or plastics.

2. That said protest is abandoned as to all other merchandise, except that marked "D".

3. That the merchandise covered by the entry enumerated in Schedule A annexed hereto was entered on June 16, 1964, which is after August 31, 1963, the effective date of the Tariff Schedules of the United States, and before December 7, 1965, the effective date of the Tariff Schedules Technical Amendments Act of 1965, Public Law 89-241.

4. That said protest was filed on the entry enumerated in said Schedule A, under Section 514 of the Tariff Act of 1930, within 60 days after the date of liquidation thereof, and that said protest

was pending for decision by this Court on October 7, 1965, the date of enactment and/or on December 7, 1965, the effective date of the Tariff Schedules Technical Amendments Act of 1965, Public Law 89–241, 89th Congress.

5. That within 120 days after the date of enactment of said Public Law 89–241, a request was filed with the Collector of Customs at the port of entry, for liquidation or reliquidation of the entry enumerated in Schedule A and for classification of said merchandise at 20% ad valorem under Item 706.60 of the Tariff Schedules of the United States as amended by Sections 89(b), 15(a), and 15(b) of said Public Law 89–241.

6. That the protest enumerated in the annexed Schedule A may be submitted on this stipulation, the same being limited to the merchandise as aforesaid.

In view of this stipulation, which is accepted as an agreed statement of fact, we hold that the merchandise represented by the items marked with the letter "D" and with the initials of the commodity specialist on the invoice accompanying the entry covered by the protest herein, is subject to duty in accordance with sections 89(b), 15(a), and 15(b), Tariff Schedules Technical Amendments Act of 1965, at 20 per centum ad valorem under item 706.60, Tariff Schedules of the United States, as luggage in chief value of fabrics coated or filled, or laminated, with rubber or plastic.

The protest is sustained and judgment will be entered for the plaintiff.